UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARMOND BROWN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-3445 |
| KENNER POLICE DEPARTMENT, ET AL. | SECTION "R" (3) |

# ORDER AND REASONS

Before the Court is defendants' motion to stay proceedings pending the completion of a criminal investigation.[1] For the following reasons, the Court grants a stay of 45 days.

## I.  BACKGROUND

This case arises out of the death of Armond Jairon Chauncey Brown on January 23, 2017.[2] Mr. Brown, who had been diagnosed with schizophrenia and bipolar disorder, was shot and killed by Kenner police officers allegedly enforcing a coroner's emergency commitment order.[3] On April 13, 2017, Mr. Brown's parents, Armond Brown, Sr. and Jaronet Whitaker, and brothers, Joshua Brown and James Whitaker, Jr., filed a complaint for damages

---

[1] R. Doc. 14.
[2] R. Doc. 13.
[3] *Id.* at 4-8.

asserting claims under 42 U.S.C. § 1983 and state tort law.[4] Plaintiffs named as defendants Kenner Police Department Chief Michael Glaser, the City of Kenner, and certain unknown and as-yet-unnamed Kenner police officers.[5]

Plaintiffs assert that Armond Jairon Chauncey Brown was unarmed at the time of the shooting and was shot and killed without just cause.[6] Plaintiffs further allege that the City of Kenner, through Chief of Police Glaser and Mayor E. "Ben" Zahn, adopted policies and practices that deprived Mr. Brown of his civil rights.[7] Defendants Glaser and the City of Kenner now move to stay these proceedings pending a criminal investigation of Mr. Brown's death.[8]

## II. DISCUSSION

Defendants represent that Mr. Brown's shooting is the subject of a pending investigation and review by the district attorney for possible criminal charges.[9] The Court may stay a civil case pending the resolution of

---

[4] R. Doc. 1.
[5] R. Doc. 13. The original complaint also named the Kenner Police Department as a defendant. *See* R. Doc. 1 at 1-2. The Kenner Police Department is omitted from the amended complaint, and is no longer a defendant in this matter. *See* R. Doc. 13 at 3 ¶ 6.
[6] R. Doc. 13 at 8 ¶ 18.
[7] *Id.* at 4-5.
[8] R. Doc. 14.
[9] R. Doc 14-1 at 1-3.

a parallel criminal proceeding. *See United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (noting that "[s]uch a stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice"). In determining whether to grant a stay, district courts in the Fifth Circuit consider (1) the extent of overlap between the criminal case and the civil case; (2) the status of the criminal case; (3) the plaintiff's interests; (4) the interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009) (collecting cases). Although the Court has "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice," a stay may not be "immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

The most important threshold issue in determining whether to grant a stay is the extent of overlap between the civil and criminal actions. *See Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008). Here, the criminal investigation into Mr. Brown's death arises out of the same set of facts as this lawsuit. The factual issues relevant to the potential criminal liability of the police officers involved in this shooting are also central to plaintiffs' theory of civil liability. Although

3

plaintiffs also pursue claims against the City of Kenner and Chief Glaser, these claims cannot be easily separated from the circumstances of Mr. Brown's death. The Court therefore finds that the civil and criminal proceedings involve substantially similar issues.

The status of the criminal investigation supports a short stay. Defendants represent that the district attorney is investigating the shooting for possible criminal charges, and that this review is not expected to be of long duration.[10] Although no officer has yet been indicted in connection with Mr. Brown's death, this does not necessarily weigh against a stay when a criminal investigation is active and likely to be resolved swiftly. *See SEC v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. 2008) (noting that the government expected to bring charges within a few months).

Plaintiffs argue that they have an interest in the expeditious resolution of this case, and are likely to suffer prejudice from a stay because witness memories fade and evidence tends to dissipate over time.[11] Defendants assert that witness memories are not a significant factor because of the anticipated short duration of the criminal investigation.[12] The Court recognizes plaintiffs' substantial interests in proceeding with this case and

---

[10] R. Doc. 14-1 at 3-4.
[11] R. Doc. 17 at 3.
[12] R. Doc. 14-1 at 4.

obtaining evidence in a timely manner, but finds that a short stay of 45 days will not prejudice plaintiffs.

Further, the Court finds that defendants' interests support a stay. A defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between "invoking his Fifth Amendment rights [and] jeopardiz[ing] his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence." *SEC v. AmeriFirst Funding, Inc.*, No. 07-1188, 2008 WL 866065, at *4 (N.D. Tex. 2008). The police officers involved in Mr. Brown's shooting have an interest in protecting their Fifth Amendment right against self-incrimination while they are facing possible criminal charges.

The Court's interests and the public interest will not be substantially affected by a short stay of these proceedings. The Court has interests in judicial economy and expediency. *Alcala*, 625 F. Supp. 2d at 406-07. The Court is obligated "to move its docket, and not let cases languish before it." *Id.* at 407 (internal quotation omitted). The public also has an interest in resolving disputes "with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Id.* A stay of 45 days will not unduly interfere with the Court's ability to manage its docket or the public's interest in quickly resolving legal disputes.

Accordingly, the Court finds that a stay of 45 days appropriately balances the interests of the parties in this matter and serves the interests of justice.

## III. CONCLUSION

For the foregoing reasons, this matter is STAYED for 45 days, except as follows:

If they have not already done so, defendants Michael Glaser and the City of Kenner are hereby ordered to disclose to plaintiffs no later than November 15, 2017, the names of any officers involved in the shooting of Armond Jairon Chauncey Brown.

This stay shall not prevent plaintiffs from amending their complaint to add individual officers as defendants.

New Orleans, Louisiana, this __7th__ day of November, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE