UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARMOND BROWN, ET AL.                           CIVIL ACTION

VERSUS                                          NO. 17-3445

KENNER POLICE DEPARTMENT,                       SECTION "R" (3)
ET AL.

# ORDER AND REASONS

Before the Court is defendants' partial motion to dismiss.[1] For the following reasons, the motion is granted in part and denied in part.

## I. BACKGROUND

This case arises out of the death of Armond Jairon Chauncey Brown on January 23, 2017.[2] Mr. Brown, who had been diagnosed with schizophrenia and bipolar disorder, was allegedly shot and killed by Officer Michael Romano of the Kenner Police Department SWAT team.[3] According to the complaint, Mr. Brown was behaving erratically after not taking his prescribed medication, and his brother called the police for assistance.[4] The SWAT team was dispatched to Mr. Brown's residence, apparently to enforce

---

[1]   R. Doc. 18.
[2]   R. Doc. 13.
[3]   *Id.* at 6 ¶ 13; R. Doc. 28 at 1.
[4]   R. Doc. 13 at 6 ¶ 13.

a coroner's emergency commitment order.[5] SWAT team officers initially attempted to negotiate with Mr. Brown to convince him to exit the house.[6] Officers then allegedly deployed tear gas projectiles into his residence.[7] Plaintiffs assert that they personally observed Mr. Brown exit the house unarmed and rubbing his eyes due to the effects of the tear gas.[8] Plaintiffs further allege that Mr. Brown was about 10 feet or more from the fence enclosing his front yard when he was shot and killed by a SWAT team officer standing near the side of the brick fence.[9]

On April 13, 2017, Mr. Brown's parents, Armond Brown, Sr. and Jaronet S. Whitaker, and brothers, Joshua Brown and James L. Whitaker, Jr., sued for damages under 42 U.S.C. § 1983 and state tort law.[10] Plaintiffs amended their complaint on July 12, 2017.[11] The amended complaint names as defendants Kenner Police Department Chief Michael Glaser, the City of Kenner, through Mayor E. "Ben" Zahn, III, and certain unknown and as-yet-unnamed Kenner police officers. On December 8, 2017, plaintiffs filed a

---

[5] *Id.* at 6-7.
[6] *Id.* at 7 ¶ 15.
[7] *Id.* at 7 ¶ 16.
[8] *Id.* at 7 ¶ 17.
[9] *Id.* at 8 ¶ 18; R. Doc. 28 at 1.
[10] R. Doc. 1.
[11] R. Doc. 13.

second amended complaint adding Officer Michael Romano as a defendant.[12]

Plaintiffs assert state law claims for wrongful death, survival, and intentional infliction of emotional distress, and federal civil rights claims under 42 U.S.C. § 1983.[13] Plaintiffs allege that Mr. Brown was wrongfully shot and killed without just cause.[14] Further, plaintiffs assert that the City of Kenner, through Chief Glaser and Mayor Zahn, adopted policies and practices that deprived Mr. Brown of his civil rights.[15] Specifically, plaintiffs assert that the City of Kenner adopted an express policy and customary procedure that called for the use of the SWAT team to enforce a coroner's emergency commitment order.[16] Further, the complaint alleges that the City of Kenner implemented an express policy authorizing and in effect encouraging the use of deadly force when alternative non-lethal means of subduing a suspect were employed once without success.[17] Finally, plaintiffs assert that the considered, intentional absence of a policy to promote effective dealing with suspects known or reasonably believed to be mentally

---

[12]  R. Doc. 28.
[13]  R. Doc. 13 at 9.
[14]  *Id.* at 8 ¶ 18.
[15]  *Id.* at 4-5.
[16]  *Id.* at 5 ¶ 11.
[17]  *Id.*

ill constitutes a "negative policy" or "policy by omission" that amounts to deliberate indifference, and substantially increases the risk that excessive and deadly force will be used in violation of constitutional rights.[18]

Defendants Glaser and the City of Kenner now move for partial dismissal of plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[19] Plaintiffs oppose this motion.[20]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw

---

[18] *Id.*
[19] R. Doc. 18.
[20] R. Doc. 11; R. Doc. 22. This is defendants' second motion to dismiss. Defendants withdrew as moot their original motion after plaintiffs filed an amended complaint. *See* R. Doc. 20; R. Doc. 21. Plaintiffs' memorandum in opposition to the current motion adopts in full their memorandum in opposition to the original motion to dismiss. *See* R. Doc. 22.

4

all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

Defendants assert that the Kenner Police Department is not a juridical person capable of being sued.[21] Plaintiffs removed the Kenner Police Department from their amended complaint, and it is no longer a defendant in this matter.[22] The Court addresses defendants' remaining arguments.

---

[21] R. Doc. 18-1 at 5-6.
[22] R. Doc. 11 at 6; R. Doc. 13.

5

## A. Section 1983 Claims

### 1. *Uncontested Damages Issues*

Defendants contend that plaintiffs cannot recover emotional distress damages under § 1983 because they were mere bystanders, and not the direct targets of police action.[23] The Fifth Circuit has held that bystanders do not have a cause of action for negligent infliction of emotional distress under § 1983 because "there is no constitutional right to be free from witnessing this police action." *See Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1985). Plaintiffs do not contest this precedent,[24] and the amended complaint asserts a claim for emotional distress damages under state rather than federal law.[25] To the extent the complaint could be read to request emotional distress damages under § 1983, plaintiffs are not entitled to such damages.

Defendants further argue that plaintiffs cannot recover punitive damages under § 1983 against the City of Kenner or against Glaser in his official capacity.[26] Plaintiffs do not respond to this argument, and the Supreme Court has held that "a municipality is immune from punitive

---

[23] R. Doc. 18-1 at 4.
[24] R. Doc. 11 at 5.
[25] R. Doc. 13 at 9 ¶ 22.
[26] R. Doc. 18-1 at 11.

6

damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, plaintiffs are not entitled to punitive damages under § 1983 against either the City of Kenner or Glaser in his official capacity.

### 2. *Additional Uncontested Issues*

Defendants argue that the decedent's brothers, Joshua Brown and James Whitaker, lack standing to pursue a wrongful death or survival claim under § 1983. Federal courts refer to state law to determine whether a party has standing to bring a wrongful death or survival claim under § 1983. *See* 42 U.S.C. § 1988(a); *Aguillard v. McGowen*, 207 F.3d 226, 231 (5th Cir. 2000). Under Louisiana law, siblings may bring suit for wrongful death or survival only if the decedent has no surviving spouse, child, or parent. *See* La. Civ. Code arts. 2315.1(A)(3), 2315.2(A)(3). Here, the decedent's parents are also plaintiffs in this action.[27] Plaintiffs concede that Louisiana law sets up a preclusive hierarchy of claimants in wrongful death and survival actions.[28] Joshua Brown and James Whitaker therefore lack standing to bring wrongful death or survival claims under § 1983, and the Court dismisses these claims.

---

[27] R. Doc. 13.
[28] R. Doc. 11 at 5.

Defendants next assert that the City of Kenner cannot be held liable under § 1983 for civil rights violations under a theory of *respondeat superior*.[29] This is undisputed. The Supreme Court has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). But plaintiffs do not press a *respondeat superior* claim under § 1983.[30] The complaint instead asserts that the City of Kenner and Glaser are liable under *Monell* because they maintained policies and practices that deprived the decedent of his civil rights.[31] The *Monell* court held that a local government can be liable under § 1983 when "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* Defendants' motion to dismiss does not address plaintiffs' *Monell* claim, and that issue is not properly before the Court.

### 3. *Claims Against Chief Michael Glaser*

Defendants presume that Glaser is named as a defendant in his official capacity, and argue that plaintiffs' claims against him should be dismissed as

---

[29] R. Doc. 18-1 at 6.
[30] The complaint does assert that the City of Kenner is vicariously liable under Louisiana law. *See* R. Doc. 13 at 4 ¶ 9. Defendants have not sought to dismiss this state law claim.
[31] R. Doc. 13 at 4-5.

redundant of their claims against the City of Kenner.[32] If the complaint is construed to assert claims against Glaser in his individual capacity, defendants ask that such claims also be dismissed.[33]

The complaint does not specify whether Glaser is being sued in his official or individual capacity. The Court therefore examines "the course of proceedings" to determine "the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (internal citation omitted); *see also United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (finding that the course of proceedings demonstrated that defendants were named only in their official capacities); *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (explaining that a defendant's capacity need not be pled, and "[t]he allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action").

Here, the course of the proceedings indicate that Glaser is being sued in his official rather than his individual capacity. The amended complaint names as a defendant "Kenner Police Department Chief Michael Glaser."[34] Plaintiffs present the same allegations against Glaser and the City of Kenner,

---

[32] R. Doc. 18-1 at 7.
[33] *Id.* at 8-11.
[34] R. Doc. 13 at 3 ¶ 6.

and the complaint repeatedly refers to the City of Kenner acting through Chief Glaser.[35] The only facts in the complaint that relate to Glaser individually involve his policymaking authority.[36] These factual allegations appear to be included to demonstrate that Glaser is the relevant policymaker for purposes of plaintiffs' *Monell* claim for municipal liability. *Cf. Sanders-Burns v. City of Plano*, 594 F.3d 366, 379 (5th Cir. 2010) (finding that defendant should have known suit was brought against him in his individual capacity in part because the complaint included factually distinct allegations of deliberate indifference as to each defendant).

The complaint includes a demand for punitive damages against Glaser, which under some circumstances might indicate an intent to sue him in his individual capacity. *See id.* But the context of plaintiffs' demand for punitive damages suggests otherwise. Plaintiffs assert that both Glaser and the City of Kenner are liable for punitive damages under *Monell* because their policies and practices acted to deprive the decedent of his civil rights.[37] Plaintiffs' request for punitive damages therefore appears to reflect a misunderstanding of the availability of punitive damages for municipal liability rather than an intent to sue Glaser individually.

---

[35] *Id.* at 4-5.
[36] *Id.* at 5 ¶ 11.
[37] *Id.* at 4 ¶ 10.

Further, plaintiffs' opposition to defendants' motion to dismiss does not indicate that Glaser is being sued in his individual capacity. The portion of plaintiffs' memorandum in opposition devoted to their § 1983 claims focuses exclusively on municipal liability under *Monell*.[38] Plaintiffs' opposition refers to Glaser as "Chief Glaser," and asserts that "[b]y reason of his official capacity and legal responsibilities as chief of police, Chief Glaser acted as the policymaker on behalf of the City of Kenner."[39] Plaintiffs do not respond to defendants' assertion that Glaser is presumed to be sued in his official capacity.[40] *See Regents of Univ. of Cal.*, 363 F.3d at 403 (concluding that employees were sued in their official rather than individual capacities because plaintiff never challenged defendants' assertion that the employees were named in their official capacities only).

The Court therefore construes plaintiffs' claims against Glaser as claims against him in his official capacity only.[41] As the Supreme Court has

---

[38] R. Doc. 11 at 6-12. This section begins with the statement that "[p]laintiffs' § 1983 claims against the City of Kenner are governed by the standards enunciated by the Supreme Court in the landmark case of *Monell*." *Id.* at 6. The section ends with the assertion that defendants' motion should be denied because "plaintiffs have adequately alleged a plausible claim for municipal liability under § 1983."
[39] R. Doc. 11 at 12.
[40] R. Doc. 18-1 at 7.
[41] Thus, the Court need not and does not address defendants' arguments that plaintiffs have failed to state a claim against Glaser in his individual capacity.

explained, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000) (noting that "[t]he official-capacity claims and the claims against the governmental entity essentially merge"). The parties agree that the Kenner Police Department is not capable of being sued, and that the City of Kenner is the proper defendant.[42] Thus, plaintiffs' suit against Glaser in his official capacity is in effect a suit against the City of Kenner.

Because "the real party in interest in an official-capacity suit is the governmental entity and not the named official," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), plaintiffs' claims against Glaser are redundant of their claims against the City of Kenner. *See U.S. ex. rel. Bias v. Tangipahoa Parish School Bd.*, 816 F.3d 315, 322 (5th Cir. 2016) (noting that the district court dismissed official capacity claims as redundant of claims against the entity, and citing *Turner*, 229 F.3d at 485); *cf. Indes v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (holding that a Title VII plaintiff may not maintain suit against both an employer and an officer in an official capacity). Plaintiffs' claims against Glaser are therefore dismissed.

---

[42] R. Doc. 11 at 6; R. Doc. 18-1 at 5.

Plaintiffs have filed two amended complaints since defendants originally moved to dismiss their claims against Glaser.[43] Plaintiffs have not requested further leave to amend to name Glaser in his individual capacity. The Court finds that plaintiffs had sufficient opportunity to name Glaser in his individual capacity if they wished to do so, and therefore dismisses plaintiffs' claims against Glaser with prejudice.

## B. State Law Claims

### 1. *Uncontested Issues*

Defendants argue that Joshua Brown and James Whitaker lack standing to bring state law claims for wrongful death and survival.[44] As discussed earlier, Louisiana law does not permit wrongful death or survival claims by siblings when a decedent's parents are still alive. *See* La. Civ. Code arts. 2315.1(A)(3), 2315.2(A)(3). Defendants further note that Joshua Brown and James Whitaker have no independent claim for wrongful death or survival under Louisiana Civil Code articles 2315 and 2316.[45] *See Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, 16 F. Supp. 3d 755, 764 (E.D. La. 2014) (explaining that articles 2315 and 2316 do not create any additional rights of action in addition to the survival action in 2315.1 and the

---

[43] *See* R. Doc. 7; R. Doc. 13; R. Doc. 22.
[44] R. Doc. 18-1 at 3-4.
[45] R. Doc. 18-1 at 12.

wrongful death action in 2315.2). Plaintiffs do not respond to this argument. Because Joshua Brown and James Whitaker lack standing under Louisiana law, their claims for wrongful death and survival under Louisiana Civil Code articles 2315, 2315.1, 2315.2, and 2316 must be dismissed.

Defendants further assert that plaintiffs are not entitled to punitive damages under Louisiana law.[46] "In Louisiana, there is a general public policy against punitive damages" and punitive damages "are not allowable unless expressly authorized by statute." *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). Plaintiffs have identified no basis in state law to recover punitive damages on any of their claims. Accordingly, the Court finds that plaintiffs are not entitled to punitive damages on their state law claims.

### 2. *Emotional Distress Damages*

Defendants move to dismiss plaintiffs' claims for intentional infliction of emotional distress, arguing that Louisiana Civil Code article 2315.6 provides the exclusive basis to recover damages for emotional distress for the injury of another.[47] This article provides that "[d]amages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article." La. Civ. Code art. 2315.6(B).

---

[46] *Id.* at 12.
[47] *Id.* at 13.

The complaint states that plaintiffs seek damages for emotional distress under article 2315.6, and it is not clear whether plaintiffs are asserting a separate claim for intentional infliction of emotional distress.[48] To the extent that the complaint could be read to seek emotional distress damages beyond what is permitted by article 2315.6, plaintiffs are not entitled to such damages.

Plaintiffs assert that Joshua Brown and James Whitaker have standing to seek emotional distress damages under article 2315.6.[49] Although defendants argue generally that Joshua Brown and James Whitaker are improper plaintiffs, defendants do not address the brothers' claims under article 2315.6.[50] This statute permits the brothers or sisters of an injured person to seek damages for the mental anguish or emotional distress that they suffer as a result of the other person's injury. La. Civ. Code art. 2315.6. Because siblings have standing to seek damages under article 2315.6, the Court does not dismiss Joshua Brown's and James Whitaker's claims under this provision.

---

[48] R. Doc. 13 at 9.
[49] R. Doc. 22 at 1-2; R. Doc. 11 at 5.
[50] R. Doc. 18-1 at 3-4.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED IN PART. Plaintiffs' claims against Defendant Michael Glaser are DISMISSED WITH PREJUDICE. Further, Joshua Brown's and James Whitaker's claims for survival and wrongful death under § 1983 and state law are DISMISSED WITH PREJUDICE.

Plaintiffs' claims for punitive damages against the City of Kenner under § 1983 and for punitive damages under state law are DISMISSED WITH PREJUDICE. Plaintiffs may seek emotional distress damages only to the extent permitted by Louisiana Civil Code article 2315.6. Defendants' motion is otherwise denied.

New Orleans, Louisiana, this __27th__ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE