UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARMOND BROWN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-3445 |
| KENNER POLICE DEPARTMENT, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendants' motion to stay discovery until defendants' pending motion for summary judgment has been resolved.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of the death of Armond Jairon Chauncey Brown on January 23, 2017.[2] Mr. Brown, who had been diagnosed with schizophrenia and bipolar disorder, was allegedly shot and killed by Officer Michael Romano of the Kenner Police Department SWAT team.[3] On April 13, 2017, Mr. Brown's parents, Armond Brown, Sr. and Jaronet Whitaker, and brothers, Joshua Brown and James Whitaker, Jr., filed a complaint for

---

[1]   R. Doc. 42.
[2]   R. Doc. 13.
[3]   *Id.* at 6 ¶ 13.

damages asserting claims under 42 U.S.C. § 1983 and state tort law.[4] Plaintiffs subsequently filed two amended complaints, ultimately naming as defendants (1) the City of Kenner, through Mayor E. "Ben" Zahn, III, (2) Officer Romano, (3) Kenner Police Department Chief Michael Glaser,[5] and (4) certain unknown and as-yet-unnamed Kenner police officers.[6]

Plaintiffs assert that Armond Jairon Chauncey Brown was shot and killed without just cause.[7] Plaintiffs further allege that the City of Kenner, through Chief of Police Glaser and Mayor E. "Ben" Zahn, adopted policies and practices that deprived Mr. Brown of his civil rights.[8] On December 27, 2017, the Court granted in part and denied in part defendants' motion to dismiss plaintiffs' claims.[9] The Court has set a discovery deadline of September 25, 2018, and trial is set to commence on November 5, 2018.[10]

---

[4] R. Doc. 1.
[5] The Court has since dismissed plaintiffs' claims against Chief Glaser. R. Doc. 31 at 12-13.
[6] R. Doc. 13; R. Doc. 28. The original complaint also named the Kenner Police Department as a defendant. *See* R. Doc. 1 at 1-2. But the Kenner Police Department was omitted in plaintiffs' amended complaint, and is no longer a defendant in this matter. *See* R. Doc. 13 at 3 ¶ 6.
[7] R. Doc. 13 at 8 ¶ 18.
[8] *Id.* at 4-5 ¶¶ 10-11.
[9] R. Doc. 31
[10] R. Doc. 33.

On June 5, 2018, defendants moved for summary judgment.[11] Defendants argue that plaintiffs' remaining claims should be dismissed and that Officer Romano's use of deadly force was objectively reasonable, which entitles him to qualified immunity.[12] Defendants' motion was fully submitted on July 18, 2018.[13]

On June 12, 2018, defendants filed the present motion seeking to stay discovery until the Court resolves the qualified immunity question raised in their motion for summary judgment.[14] Defendants' stay motion was also fully submitted on July 18, 2018.[15] Plaintiffs oppose the motion.[16]

## II. DISCUSSION

"The purpose of the qualified immunity doctrine is to avoid 'distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.'" *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). The Fifth Circuit has recognized a potentially immune

---

[11] R. Doc. 35.
[12] R. Doc. 35-1.
[13] R. Doc. 41.
[14] R. Doc. 42.
[15] R. Doc. 42-2.
[16] R. Doc. 43.

3

defendant's right to be free of the burdens of broad-reaching discovery. *Id.* But qualified immunity does not shield government officials from all discovery. *Id.* It only protects from discovery that is avoidable or overly broad, such as "discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense." *Id.* A district court may permit limited discovery against a defendant with an immunity defense when the court "'is unable to rule on the immunity defense without further clarification of the facts[,]' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (quoting *Lion Boulos*, 934 F.2d at 507-08).

Defendants allege—and plaintiffs do not dispute—that a significant amount of discovery has already taken place in connection with defendants' motion for summary judgment.[17] Defendants assert that as of June 12, 2018, they had deposed three of the four plaintiffs, and that plaintiffs had deposed thirteen police officers.[18] Plaintiffs state that an additional five depositions were scheduled to take place on July 19, 2018, one day after defendants' motion for summary judgment and the present motion were fully

---

[17] R. Doc. 42-1 at 2.
[18] *Id.*

4

submitted.[19] Plaintiffs assert that those five depositions are relevant to the factual issues raised in defendants' immunity claim.[20] Plaintiffs appear to argue that defendants' stay motion should be denied because some "anticipated further pretrial discovery" in addition to the July 19 depositions will be necessary to adjudicate defendants' immunity defense.[21] But plaintiffs do not state what that additional discovery will be, or why the Court would need to see this additional discovery before ruling on defendants' summary judgment motion, which is already fully submitted.

Defendants' motion to stay discovery is granted. The parties have already conducted an ample amount of discovery in connection with defendants' immunity defense, and—with the exception of the July 19 depositions—the fruit of that discovery is already before the Court in the parties' summary judgment arguments. Plaintiffs have failed to explain why any additional discovery is necessary for the Court to adjudicate defendants' immunity defense. The Court finds that any additional discovery while defendants' motion is pending would be avoidable or overly broad. *See Lion Boulos*, 834 F.2d at 507.

---

[19] R. Doc. 43 at 2. Plaintiffs state that these five depositions were scheduled for July 19 before defendants filed their motion for a stay of discovery. *Id.*
[20] *Id.*
[21] *Id.* at 3.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to stay discovery is GRANTED. Discovery is stayed until the Court rules on defendants' motion for summary judgment.[22]

New Orleans, Louisiana, this __1st__ day of August, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 35.